UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 9:22-cv-81546-DMM

JONATHAN PONCE,

    Plaintiff,

vs.

FLORIDA ATLANTIC UNIVERSITY
BOARD OF TRUSTEES,

    Defendant.
_____/

**DEFENDANT'S STATEMENT OF UNDISPUTED MATERIAL FACTS**[1]

Defendant, FLORIDA ATLANTIC UNIVERSITY BOARD OF TRUSTEES ("FAU"), by and through undersigned counsel and pursuant to Federal Rule of Civil Procedure 56 and Southern District of Florida Local Rule 56.1 hereby files this Statement of Undisputed Material Facts and states:

*Background*

1. Florida Atlantic University has multiple campuses, but has one University Police Department pursuant to Florida Statute § 1012.97 (2022). It is governed by FAU Regulation 7.008 where discrimination based on "sex", "sexual orientation", and "gender identity" is prohibited. *See* Brammer dec. at ¶12. The FAU Police Department has its headquarters at the Boca Raton campus. *See* Brammer Depo. at p. 4:24-25). Sean Brammer is the Chief of Police and head of the Police Department for FAU *Id.* at p. 5:1-3; p. 5:23-25.

2. Chief Brammer was hired by FAU in 2006, after nine and half (9 ½) years working as a Trooper at the Florida Highway Patrol. *Id.* at p. 5:9-10. Thereafter, he rose through the ranks of

---

[1] D.E. # 52, Notice of Filing in Support of Motion for Summary Judgment, contains all record citations herein.

captain, major, Deputy Chief, Interim Chief of Police in 2016 and then, Chief of Police in 2017. *Id.* at p. 5: 11-17.

3. Plaintiff, Jonathan Ponce[2], began working as a Police Communications Operator (dispatcher) at FAU in January 2014, which is a civilian position at the police department; Ponce Depo. at p. 15:12-13. After expressing interest in a position as a law enforcement officer, in December 2, 2014, FAU offered to sponsor and employ Plaintiff full-time through training otherwise known as the Police Academy. *See* FAU_000506; Ponce Depo. at p. 14:13-25.

4. Plaintiff did not pass Broward College's Police Academy as a result of failing a physical test and was not able to walk at graduation, but was certified through FDLE standards. *See* Ponce Depo. at p. 21:18-25; 22:1-15. Nonetheless, FAU offered Plaintiff continued employment as a certified law enforcement officer. *See* Ponce Depo. at p. 22:10-16.

5. His first assignment as a law enforcement officer, after the field training officer program (FTO), was road patrol in June 2015, working in both the night shift and later, the day shift. *See* Ponce Depo. at p. 23:15-13-15; 24:10-12.

6. Sometime in 2015, Plaintiff met Amy Brown, who was also employed[3] by the FAU Police Department and they became a couple. *See* Ponce Depo. at p. 33: 22-25; p. 34: 2-4. The girlfriends eventually moved in together and later married in 2016. Ponce was "openly gay" at

---

[2] Previously known as Jennifer Ponce at the FAU Police Department until transitioning to a male. *See* D.E. #41 at ¶ 8-9; *see* Brammer depo. at p. 9:3-8.

[3] Plaintiff's wife resigned after being placed on administrative leave at FAU when she was arrested for fraud in July 28, 2020. *See* Amy Ponce depo. at p. 13:8-15; p. 20:16-21.

the time and they "didn't have anything to hide". *Id.* at p. 34:8-11; p. 34:15-16. In fact, members of the FAU Police Department attended their wedding in 2016. *Id.* at p. 36:2-4.[4]

7. At the FAU Police Department's Awards Ceremony in February of 2017, Chief Brammer awarded Amy Brown, now Amy Ponce, the Chief's Award for her "hard work". *See* Amy Ponce depo. at p. 52:15-20.

*Plaintiff's Transition*

8. According to Plaintiff, by April of 2017, he wanted to start the process of transitioning to male. *See* Ponce depo. at p. 37: 15-18. The transition included not only changing his first name, but undergoing two surgeries which included a hysterectomy and having his chest done along with beginning hormone therapy. *See* Ponce depo. at p. 38:8-14. FAU approved FMLA leave for both surgeries for approximately two months each with his second surgery in September of 2017. *See* Ponce depo. at p. 46:16-25; p. 50: 6-14.[5]

9. Before Plaintiff began his transition, he and Amy Ponce requested a meeting with Chief Brammer to advise him of the upcoming physical changes and name change. *See* Ponce at p. 77:9-18; p.78:15-22. It is unclear when two other members of the command staff entered the meeting, but Plaintiff did not object at the time. *See* Ponce Depo. at p. 75:21-24.

10. According to Plaintiff and in response to his explanation of the transition, the Chief and two other command staff members "just were like okay, we support you. That was pretty much

---

[4] Plaintiff acknowledges that Chief Brammer knew Plaintiff and Amy were together and were married prior to his transition. *See* Ponce Depo. at p. 72:1-3.

[5] In August of 2017, Plaintiff had been asked by his sergeant if he was interested at the time to serve as the LGBTQ liaison for the department and he expressed this was something he would "love to do". *See* Exhibit 3 attached to Plaintiff's depo. However, because he advised that he would be out for several weeks, another officer served as a back-up liaison. *Id.*

it." *See* Ponce depo. at p. 79:13-19. Plaintiff testified that a gender neutral restroom[6] was "mentioned", but he has always used the men's restroom since that day. *See* Ponce depo. at p.79:19-23 ; p. 70:5-9. Plaintiff has never been directed to use any gender-neutral bathroom. *See* Ponce depo. at p. 70:10-12.

11.     At or about December 2018, Ponce was informally assigned as a detective in the investigations bureau of the FAU Police Department and was formally assigned by January 2019. *See* Ponce Depo. at p. 25:1-2. The Detective position comes with a six (6) or seven (7) % increase in pay from being on patrol and a $2 on-call[7] rate that was not offered to patrol assignments. *See* Ponce depo. at p. 122:8-16. Detectives do not have to wear uniforms, but receive a uniform allowance. *Id.* at p. 123:16-21.[8]

12.     In February of 2019, Plaintiff believes he should have received the Chief's Award for arresting a student who was threatening a professor online because he "cracked the case". *See* Ponce depo. at p. 68:19-25; p. 69:1-4. Instead, the FAU Police Department's cyber analyst, Larry Espana, was the recipient that year. *See* Ponce depo. at p.83:14-20. Before Plaintiff had been assigned to follow-up on the leads discovered, Espana had provided various identifiers from his cyber investigation like the student's graduation date, national origin, his membership in a student organization, along with the student's handle on twitter, Instagram and snapchat. *See* Ex. 2 attached to Plaintiff's depo. Additionally, Chief Brammer recalls the long hours worked by Espana to track the FAU Police Department's monitoring system for online threats that would

---

[6] FAU has designated gender neutral restrooms throughout campus. *See* Ponce depo. at p. 80:6-9.
[7] As a detective being on-call, the detective can be sitting at home and still be paid. *See* Ponce depo. at 122:25; p. 123:1-2.

[8] According to Plaintiff, another "really good position to give someone" that is "prestigious" is escorting and covering the FAU President to football games. *See* Ponce depo. at p. 127:17-23. Plaintiff has been the only law enforcement officer assigned to this position for the past two (2) football seasons. *See* Ponce depo. at p. 126:24-25; p.127:1-4.

alert beyond the normal business hours and thought he "handed" the case to Detective Ponce to solve and make the arrest since Espana was non-sworn personnel. *See* Brammer depo. at p. 14:14-25; p.15:1-15.

13. Since 2019 when Plaintiff became a detective, at most there have been three (3) detectives in the bureau for less than a year's time with instances where he has been the only detective and mostly two detectives in the unit. *See* Ponce depo. 124:4-11.

### *Sergeant's Exam and Promotions*

14. Plaintiff, as a detective, was subject to the Collective Bargaining Agreement between FAU and the Police Benevolence Association. *See* Ponce depo. at p. 131:10-13. Article 10 addresses Promotions including the requirement of a promotional exam, the eligibility period or promotional lists, filling vacancies, and increases. *See* Exhibit 5, attached to Plaintiff's depo. Specifically, employees must submit a request to take the promotional exam; a promotional list is established by written exam scores, at its discretion, oral interviews, performance evaluations, and/or other criteria; and the promotional list "shall remain in effect for a period of one (1) year." *Id.*

15. Plaintiff was aware that promotional passing scores were only eligible for one (1) year. *See* Ponce depo. at p.132:8-11. Plaintiff testified there has <u>never</u> been a detective sergeant position at the FAU Police Department. *See* Ponce depo. at p. 123:23-25.

16. On February 3, 2021, Plaintiff submits a memorandum through the chain of command expressing interest in a "detective sergeant" position "which is a position that has not existed in this agency since my time here." *See* Exhibit 6, attached to Plaintiff's depo.

17. Chief Brammer on May 17, 2021 issued a memorandum advising of the next Departmental Promotional Exam taking place on August 6, 2021. *See* Exhibit 4 to Plaintiff's depo. Plaintiff took the exam on August 6, 2021 and received a passing score. *See* Ponce depo. at p. 130:1-8.

18. After the August 2021 exam, a promotional list was issued, Plaintiff was placed on the list for sergeant and Ricky Robinson had also been placed on the promotional list for corporal. *See* Brammer dec. at ¶5. [9] There were no other eligible candidates for either promotional position in 2021. *Id.* No position for sergeant was available. *Id.* at ¶3. The role of a corporal is to serve as a supervisor in the absence of a sergeant and the corporal is the officer in charge for the shift. *Id.* at ¶ 5; *see* Ponce depo. at p. 4-7.

19. There were budgetary constraints during the Covid-19 pandemic which included 2021 and through June 31, 2022[10], as several employment positions were "frozen". *See* Brammer depo. at p. 24:25; p.25:1-12. Prior to this time, there was a grievance related complaint about sergeants working with limited time off as they were supervising five (5) to six (6) days and working twelve (12) hour shifts. *See* Brammer dec. at ¶ 5. In an effort to provide relief to the on-going issue regarding sergeants, Ricky Robinson was promoted to the position of Corporal in September 2021. *Id.*

20. Next, Plaintiff sent almost an identical memorandum dated March 3, 2022 to Chief Brammer expressing interest in a detective sergeant position which had never existed in the department before. *See* Exhibit 7, attached to Ponce's deposition.

---

[9] For the promotional lists, the FAU Police Department hires an external company to complete the testing and assessment which includes oral interviews. *See* Brammer depo. at p. 23:6-11.

[10] The FAU Police Department's new fiscal year would begin its new budget cycle on July 1. *See* Brammer Depo. at p. 21:11-13.

21. Chief Brammer on June 15, 2022 sent a departmental email to sworn personnel titled "Departmental Opportunities" which "highlighted upcoming opportunities" including a Special Operations Sergeant position and Training Sergeant position which were both designated as "TBD." *See* Exhibit 9 attached to Plaintiff's deposition.

22. The next day, Plaintiff sent a memorandum to Brammer expressing his interest in the Special Operations Sergeant position. *See* Exhibit 10 attached to Plaintiff's deposition. The Plaintiff did not receive a response to the three memoranda written by him[11] regarding his interest in the never-created detective sergeant position and the upcoming special operations sergeant position. *See* Ponce depo. at p. 136:20-24; p.138:4-8. There was no sergeant position available at that time. *See* Brammer depo. at p. 27:5-14.

23. Once the new fiscal budget opened for the Police Department, the positions that were previously forecasted had to be opened by Chief Brammer, but there were mitigating factors in the delay of those position creations, like accreditation initiatives, his work-related travel to Las Vegas to receive an award, his leave time in July, and the time it takes to create a position in FAU's employee database, Work Day. *See* Brammer depo. at p. 21:11-25; p. 22:1-3; p. 27:12-17.

24. In early 2022, the Police Department was made aware of the promotional exam for 2022 and Plaintiff requested to take the exam. *See* Ponce depo. at p. 138:21-25; p.139:1-2. Plaintiff did not sit for exam on August 5, 2022 because he contracted Covid-19 and called in sick. *See* Exhibit 8 attached to Plaintiff's Deposition; *see* Ponce depo. at p. 139:3-11.

---

[11] On another occasion where Plaintiff wrote a memorandum seeking permission to take his vehicle home and for personal use; he did not receive a response, but was granted the authority verbally through the chain of command in 2021. *See* Ponce depo. at p. 136:25; p.137:1-5. This was a time when Plaintiff shared with Chief Brammer that he was having marital issues with his wife and he needed the vehicle to help take his kids to school. *See* Ponce depo. at p. 110:4-24.

25. As a result, Plaintiff's promotional scores that he obtained one year prior, expired. *See* Ponce depo. at p. 145:19-25; p.146:1.

26. Melissa Malara and Rickey Robinson passed the August 2022 sergeant's exam. *See* Brammer's dec. at ¶ 9. Plaintiff claims that Assistant Chief John Crane-Baker advised Detective Malara that she was going to be promoted to a detective sergeant position. *See* Ponce depo. p. 154:10-25; p.156; 18-23.

27. On August 23, 2022, Assistant Chief John Crane-Baker sent a department-wide memo outlining several promotions that would become effective September 3, 2022: Rickey Robinson would be promoted to Sergeant in an Alpha Nights assignment; Melissa Malara would be promoted to Special Operations Sergeant; two officers would be promoted to Corporal; and one employee would be promoted to Records Manager. *See* Exhibit 13 to Plaintiff's depo.

28. The position of "Detective Sergeant" was never discussed by Chief Brammer with staff or included in Chief Brammer's memorandum of upcoming "Department Opportunities". *See* Brammer depo. at p. 30:16-25; p. 31:14-17. In fact, Chief Brammer explains the reason why the position has never existed is because it does not make sense for the organization given there are at most, three (3) detectives at a time, so promoting a detective to "detective sergeant" would mean that the sergeant is supervising only two employees. *See* Brammer depo. at p. 31:1-13. The span of control and supervisory control in that scenario does not make sense when there is a lieutenant to supervise the area. *Id.* at p. 31:3-10. Former FAU lieutenant, supervisor, and friend of Plaintiff, Donald Oswald, also testified that having a sergeant oversee two detectives is a minimal span of control, where it should be six (6) officers to supervise. *See* Oswald depo. at p. 37:1-14.

29.     Shortly after Assistant Chief Crane Baker advised the Department of the promotional list, Chief Brammer had a discussion with the lieutenant for road patrol who reminded Chief Brammer that Ricky Robinson was better suited for the Special Operations Sergeant position. *See* Brammer depo. at p. 31:24-25; 32:1-6. Based on Robinson's current experience as a K-9 handler, it would allow him to oversee his current unit and keep his K-9, plus his experience with School Resource Officers through working in the Traffic Unit, it was a better fit. *See* Brammer depo. at p. 32:7-19. Robinson even had one year's experience of supervisory authority as a corporal. *See* Ponce's depo. at p. 151:23-25.[12]

30.     Detective Melissa Malara, female, was offered the prior position presented to Ricky Robinson, male,[13] as the sergeant over the night shift in patrol, but declined the position. *See* Ponce depo. at p. 156:15-20.

31.     The creation of the Special Operations Sergeant position was not in effect and Ricky Robinson was not re-assigned until October 11, 2022. *See* FAU_02499. The Work Day details show that the process began in September, but was not successfully completed until October 18, 2022. *See* FAU_02450-51. Additionally, the Training Sergeant position filled by Harvey Atkinson was not successfully completed on Work Day until January 20, 2023. *See* FAU_02502-05.

32.     Plaintiff filed a grievance with FAU on August 26, 2022 claiming that he was not promoted to Sergeant because of discrimination based on his transgender status. *See* Exhibit 11,

---

[12] Since Plaintiff has served as a detective, he was never a part of the Traffic Unit, had never been assigned to a K-9, was also not part of the School Resource Officer Unit. *See* Ponce depo. at p. 144; 9-25. All of these units would fall under the umbrella of Special Operations. *Id.* at p. 152: 10-12

[13] Plaintiff does not know if there is any other transgender individual working at the Police Department. *See* Ponce depo. at p. 92:15-19. According to Plaintiff, Both Malara and Robinson are cisgender. *See* D.E. # 51 at p. 2.

attached to Plaintiff's depo. This was the first time in all of the years working for the FAU Police Department and the same Chief of Police that he made a complaint of discrimination. *See* Ponce depo. at p.159:13-17.

33.     He also filed a charge of discrimination with the EEOC on November 8, 2022 alleging sex discrimination. *See* Exhibit 12 attached to Plaintiff's deposition.

I HEREBY CERTIFY that on this 3rd day of August, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        WYDLER LAW
        *Attorneys for Defendant*
        2600 Douglas Road, PH-4
        Coral Gables, FL 33134
        (305) 446-5528
        (305) 446-0995 (fax)

        BY   /s/  Lourdes Espino Wydler
            LOURDES ESPINO WYDLER
            F.B.N.: 719811
            lew@wydlerlaw.com
            Secondary E-mails:
            dinah@wydlerlaw.com
            guertty@wydlerlaw.com

## SERVICE LIST

G. Ware Cornell, Jr., Esq.
Florida Bar Number 203920
Cornell & Associates, PA
2645 Executive Park Drive
Weston, FL 33331
(954) 641-3441
(954) 383-5161
ware@warecornell.com
brittne@warecornell.com
*Counsel for Plaintiff*

.